560 May 14, 2025 No. 437

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAZIEL OLAM BRIAH,
aka Raziel Olam Smith, aka Scott Dwayne Smith,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR36344; A181550

Jenna R. Plank, Judge.

Argued and submitted April 3, 2025, Central Catholic High School, Portland.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Elise Josephson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal proceeding, defendant appeals from a judgment of conviction after a jury found him guilty of assault in the second degree, menacing, and unlawful use of a weapon, which arose out of an incident at a TriMet MAX station in North Portland. In two assignments of error, defendant challenges the trial court's ruling that excluded two exhibits that he offered into evidence: Exhibit 101, which is a photograph depicting defendant and United States Senator Ron Wyden sitting on a park bench, and Exhibit 103, which is a letter from the Portland City Auditor acknowledging that defendant made a complaint against Portland police officers. We affirm on two adequate and independent grounds: the trial court did not err in its relevancy ruling and any evidentiary error was harmless under the circumstances.

As an initial matter, because the parties are familiar with the procedural and underlying background, we do not provide a recitation of the facts for this nonprecedential memorandum opinion. We review a trial court's determination of relevance under OEC 401 for errors of law. *State v. Sparks*, 336 Or 298, 307-08, 83 P3d 304, *cert den*, 543 US 893 (2004).

*Exhibit 101: the photograph*. Under OEC 401, evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." There is a "very low threshold" for the admission of evidence, and evidence can be relevant "so long as the inference desired by the proponent is reasonable, even if

the evidence also could support a contradictory inference." *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999). Here, as the trial court concluded, there was no testimony or other evidence in the record that demonstrated that the photograph was "near-in-time to the incident date or necessarily ha[d] anything to do with the incident date." The photograph was not dated, did not show the victim, and did not depict defendant performing any outreach. Further, there was no

challenge to defendant's testimony that he performed "homeless outreach." In short, because there is nothing about the photograph that made defendant's alleged prior interactions with the victim more or less probable, the trial court did not err by excluding the proposed photographic exhibit.

*Exhibit 103: the letter.* For similar reasons, we conclude that the trial court did not err when it excluded the letter from the Portland City Auditor. Defendant asserts that the letter supported his contention that he filed police reports about the victim before the incident. The difficulty with defendant's argument, however, is that the letter does not make that assertion more or less probable. That is, the letter acknowledges that defendant filed a complaint against Portland police officers, but it does not provide any details about the nature of the complaint or provide a basis to conclude that the complaint related to any alleged interaction with the victim. Simply put, the proposed exhibit was not probative of the circumstances of the incident leading to defendant's convictions and did not bear on defendant's self-defense claim raised at trial. Accordingly, the trial court did not err by excluding the proposed letter exhibit.

Finally, even assuming that the trial court erred in excluding the exhibits, we conclude that any error was harmless. Article VII (Amended), section 3, of the Oregon Constitution provides, in part: "no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict." Thus, we must affirm a criminal conviction despite a trial court's evidentiary error when there is "little likelihood that the error affected the jury's verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Here, even if the court erred in excluding the exhibits, any error was harmless. Because defendant testified that he did homeless outreach and that he previously met the victim, the photographic exhibit was, at best, cumulative of his testimony. Similarly, the exclusion of the proposed exhibit acknowledging that he previously filed a complaint against police officers has little likelihood of affecting the jury's verdict given the evidence in the record.

Affirmed.